## Leo F. Schlickman, et al. v. Dusing, et al.

## Dusing, et al. v. Norbert Schlickman, et al.

(Decided June 11, 1920.)

Appeals from Kenton Circuit Court
(Common Law and Equity Division).

1. Executors and Administrators—Administrator With Will Annexed
—Suit to Cancel Deed.—An administrator with the will annexed

sold real property at a private sale, and not in conformity to the provisions of the code. In a suit to cancel the deed, it appearing the purchaser had bought in good faith, he will be charged with the rents received on the property plus interest, and will be credited with the purchase price and the amount expended for improvements, taxes and insurance.

2.  Executors and Administrators—Settlement—Estoppel.—In an opinion on a former appeal of this case it was held that if the heirs had received their proportion of their father's estate more than ten years before instituting suit to set aside a deed made by the administrator, or if at any time before the petition was filed they, being over twenty-one years of age, received any portion of their part of the estate with knowledge that the property had been sold by the administrator, or that he had accounted for the proceeds in his settlement they would be estopped to maintain the action. Held, that the presence of an unfiled and unidentified paper purporting to be a statement of receipts and disbursements found among the papers in the settlement suit was not sufficient to charge the heirs with notice that property belonging to their father has been sold by the administrator and the proceeds accounted for.

3.  Equity—Equitable Rights.—The maxim "He who seeks equity must do equity" is but the statement of a principle applicable to all classes of cases whenever necessary to promote justice and requires that any person seeking the aid of equity will be required to accord to the other party all the equitable rights to which the other is entitled in respect to the subject-matter.

4.  Executors and Administrators—Improvements—Suit to Cancel Deed.—Certain heirs having received the benefit of improvements put upon the property by a purchaser in good faith and adjudged entitled to their proportion of the rents in a suit to cancel a deed made by an administrator, the purchaser is entitled to the purchase price with interest, to the value of the improvements placed upon the property, and for taxes, insurance and other expenses paid by him.

5.  Executors and Administrators—Suit to Cancel Deed.—In a suit to cancel a deed it appearing that two of the interested parties had notice that the administrator had sold the property and accounted for the proceeds in the settlement of his accounts they will be estopped from maintaining an action for cancellation, it being shown that they received their share of the proceeds with full knowledge of the sale and settlement.

J. L. RICH and W. E. TYLER for Schlickman, et al.

S. D. ROUSE, H. C. THEISSEN and W. A. PRICE for Herman Dusing, et al.

OPINION OF THE COURT BY JUDGE QUIN—Affirming upon the original appeals and the cross-appeal.

William Schlickman died testate in 1894. Fred Pieper who qualified as executor of the will resigned his trust in 1899, whereupon John H. Dorsel, testator's son-in-law, was appointed administrator *de bonis non* with the will annexed.

After the payment of his debts testator devised his property to his nine children. At the time of his death testator and Daniel Ruttle jointly owned a piece of property on Madison avenue in Covington. Ruttle having died his administrator instituted an action against the Ruttle and Schlickman heirs to settle the Ruttle estate and for the purpose of obtaining a sale and division of the property above mentioned. Dorsel as administrator purchased the property and took a deed in his name as trustee; shortly thereafter, to-wit, on March 11, 1902, at a private sale he executed and delivered to Herman Dusing, a deed to said property for the sum of $6,750.00. Later Dorsel, as administrator, undertook to settle his accounts in the county court, and in this settlement he was charged with the proceeds of the above sale. Subsequently he brought suit in the circuit court for a settlement of his decedent's estate. In this suit, in which the heirs were made parties and were properly before the court, a judgment was entered confirming the acts of Dorsel as administrator. The present action was instituted by the Schlickman children, with the exception of Emma (Dorsel's wife), against Dusing and Dorsel, to recover the Madison avenue property, on the ground that the sale was void and plaintiffs were the owners of the property and entitled to it. The lower court dismissed the petition and the children appealed. Schlickman v. Dusing, etc., 180 Ky. 506, 203 S. W. 295. In said opinion it was held that Dorsel did not have the power to sell under the will, this point having been virtually decided in Schlickman, &c. v. Citizens Nat. Bank, Covington, 139 Ky. 268, 129 S. W. 823, 29 L. R. A. (N. S.) 264. Also that Dorsel held the property as trustee for the use and benefit of the children and they could not be divested of their title except by sale made in the manner pointed out by the Civil Code. That four of the children having reached their majority more than ten years before the commencement of the action their right to maintain the suit would be barred by statute if they accepted any part of their share of the proceeds more than ten years before the suit was brought, and that all

of the children would be estopped to maintain the action if after reaching majority they received or accepted their share of the proceeds of the sale, in whole or in part, with actual knowledge that the share was received in part from the sale, or with knowledge that the administrator had charged himself with said proceeds. Furthermore that if in the suit by the administrator to settle his accounts, the pleadings, exhibits or evidence therein so fully disclosed the facts concerning the sale of the property and that Dorsel had accounted for the proceeds in settlement, that any person upon an inspection of the record could have discovered this fact, then the children, all of whom were before the court, were bound by the judgment, although some of them may have been infants at the time. Upon the return of the case to the lower court Dorsel and Dusing filed a fourth amended answer and counterclaim setting up the settle-ment of Dorsel as administrator and alleging that all the children except one were over twenty-one years of age when they received their share of the estate and had actual knowledge of the contents of the report of settlement and their cause of action was barred by the ten years' statute; that Dusing had purchased and improved the property, believing Dorsel was authorized to convey same and they asked that the petition be dismissed, and, further, that before any order of eviction or judgment for the proceeds of the sale was entered they be awarded judgment for the amount of the increase in value of the property due to improvements, for taxes, and insurance paid and interest thereon. The allegations of this pleading were denied in a reply and in a second judgment entered after a motion for a new trial had been sustained the court adjudged (a) that six of the children named owned each a one-ninth interest in the property; Dusing was the owner of the remaining three-ninths, being the shares of Emma Dorsel, Leo F. and H. W. Schlickman, the last two, for reasons hereinafter stated; (b) that Dusing had been in possession of the property since March, 1902, exercising rights of ownership in and to same in the *bona fide* belief he was the owner thereof, and had placed improvements on the property to the extent of $1,150.00; (c) that Dusing had paid taxes, assessments and repairs upon the property amounting, with interest from the dates of payment, to $4,355.02, and plaintiffs having received the benefit of

the purchase price of the Madison avenue property in the settlement of their father's estate, Dusing was entitled to repayment of same, which, with interest amounted to $13,533.75. The court further found that during the same period Dusing had collected rents on said property amounting, with interest from the dates of collection, to $14,620.40, for six-ninths of which he was liable to plaintiffs. The aggregate of the improvements, purchase price, taxes, etc., to-wit, $19,038.77, less the item of rents, left a balance of $4,418.37, for one-ninth of which sum it was adjudged that each of the plaintiffs named were as co-tenants liable to Dusing, and their undivided interest in said real estate was subject to a lien for the amounts due Dusing. The property was adjudged indivisible and a sale ordered to satisfy the lien; interest was calculated on the several items to January 11, 1919, as there was nothing in the record showing the amount of rents collected after that date.

H. W. and Leo F. Schlickman were adjudged to have no interest in the real property. From this judgment Leo F. Schlickman and H. W. Schlickman are prosecuting an appeal as against Dusing and Dorsel, and the latter have prosecuted an appeal against the other children. These in turn have prayed and have been granted a cross-appeal against Dusing from so much of the judgment below (a) as adjudged that he recover from each of the five named appellees the sum of $490.93, and (b) that Dusing has a lien upon their undivided one-ninth interest in said property. William Schlickman appears in the statement as one of the appellees on the Dusing appeal. He was probably omitted on the cross-appeal because in naming the children who are liable for the payment of $490.93 William Schlickman's name was omitted, though in the first part of the judgment he is adjudged to be the owner of one-ninth interest in the property. The omission, however, is immaterial in view of the conclusions we have reached.

1. The appeal of Dusing and Dorsel.

In the former opinion, 180 Ky. 506, 203 S. W. 295, the children were placed in two classes, viz., those who had reached their majority more than ten years before the commencement of the action and those who were younger. Because in the concluding paragraph of the opinion it was said that upon a return of the case the pleadings could be reformed so as to present the ques-

tion whether the younger children were estopped from maintaining the suit upon the principles laid down in the opinion; it is argued this precluded and estopped the older children from taking any further steps in the action, but the opinion is not susceptible of such a construction. The children were classified merely as a matter of convenience; the rights of all were clearly stated in the opinion, the only difference between the older and younger sets being that as to the former their right to maintain the action would be barred if they accepted any part of their share of the proceeds of the county court settlement more than ten years before the suit was instituted, a contingency not applicable to the younger ones.

It is next said plaintiffs were precluded from maintaining this action by reason of the proceedings in the settlement suit filed by Dorsel, since an examination of that record would have shown that Dorsel as administrator had sold this property and charged himself with the proceeds.

The original papers in the settlement suit are before us; among these we find a statement compiled by an expert accountant purporting to be the account of Dorsel and H. W. Schlickman, as administrators of the Schlickman estate from April 30, 1899, to July 31, 1904. The receipts and disbursements are stated. The former includes the proceeds of the sale of the lot to Dusing; there is no other reference to the sale. This paper does not appear to have been filed. A motion for a reference to the master commissioner to settle Dorsel's account as administrator was made but never acted upon by the court, nor was any settlement of his accounts as administrator ever had in said cause. These latter facts appear from a stipulation in the present record. There is a settlement of the accounts of Dorsel as guardian of certain of the children, but nothing relative to his accounts as administrator.

As said by the lower court, to effect a settlement of his accounts would seem to have required a report somewhere of the net balance of the estate, which could only have been correctly ascertained by deducting the disbursements from the receipts. In some manner not shown, the administrator did ascertain the amount due each of the children because in a final report of distribution, dated January 28, 1912, the various heirs were

charged with advancements and the balance due each was stated, but there is nothing showing from what source these figures were obtained. They do not appear to have been based upon any settlement with the administrators, or any facts found in any report, but consist only of totals found due. Nor does the evidence in anywise clarify the situation. The mere presence of this unaccounted for and unidentified paper in the settlement suit does not meet the requirements of the former opinion. In the former opinion we held, in substance, that unless the facts concerning the sale of the property were so fully manifested by the record as that any person upon an inspection of it could have discovered that Dorsel, as administrator, had sold the property and charged himself with the proceeds, then the judgment in that case would not be conclusive upon the children who at the time were infants. Indeed the paper would not be notice to any one.

It is said the Schlickman children discussed the sale of the Madison avenue property before the present suit was instituted, thus indicating they knew it had been disposed of. This argument is based solely upon the indefinite testimony of an aunt, which is controverted by all of the children who testified.

It is urged the court erred in the allowance of rents, the argument being that upon the cancellation of a void or voidable instrument conveying real estate entered into in good faith the parties should be placed *in statu quo;* that the rents should be regulated by the interest on the consideration and on the value of the improvements, being neither greater nor less than their united amount, and authorities are cited in support of this proposition, but no one of which discusses facts such as are involved here. The theory of Dusing is that the recovery should be limited to 6% of the valuation of the property, but this principle is not applicable here. The several parties in interest are tenants in common and it is the duty of one of such to account to his co-tenants for rents and profits arising from the occupancy of more than his share of the land. See Larmon v. Larmon, 173 Ky,. 477, 191 S. W. 110, 29 L. R. A. (N. S.) 229.

2. The appeal of the Schlickman children.

It is first urged that the sale to Dusing being void he is not entitled to recover the purchase price. While the pleadings, exhibits and evidence in the settlement suit

did not sufficiently disclose that the property had been sold and Dorsel had accounted for the proceeds, so that such facts would be ascertained upon an inspection of the record, it was stated in the former opinion as an admitted fact that an *ex parte* settlement had been made and in this settlement Dorsel was charged with the proceeds of the real estate and these proceeds were subsequently distributed to or accounted for to the Schlickman children. The amount of the purchase price is not questioned. Plaintiffs are seeking the aid of a court of chancery in setting aside the sale. The maxim: "He who seeks equity must do equity," is but the statement of a principle applicable to all classes of cases whenever necessary to promote justice, and requires that any person seeking the aid of equity shall have accorded, shall offer to accord, or will be compelled to accord to the other party all the equitable rights to which the other is entitled in respect to the subject matter. 16 Cyc. 140. The facts of this suit furnish a splendid illustration for the application of this maxim.

It would be most inequitable to permit plaintiffs to receive the benefits of the proceeds of this sale, and the enhanced value, due in part doubtless to the improvements made by Dusing, and to compel him to account to them for their portion of the rents received from the property, and at the same time deny him the right to recover the purchase price. In this, as indeed in all other respects, the judgment of the chancellor was right.

It is said the award of a lien in favor of Dusing is not in accord with the views expressed in the former opinion. It is true the opinion on the first appeal is the law of the case, as to all matters raised by the record, but it will be found upon reading the opinion that it contains nothing inconsistent with the judgment of the lower court awarding Dusing a lien for the amount found to be due him.

3. The appeal of Leo F. Schlickman and H. W. Schlickman.

After the court had entered a judgment giving to each of the children a one-ninth interest in the property, Dusing filed a motion for a new trial on the ground of newly discovered evidence. In an affidavit filed in support of the motion Dusing stated that in looking over some documents in his hands he had discovered a paper signed by Leo Schlickman certifying that it was agreed between Dorsel and H. W. Schlickman, in his (Leo's)

presence, that the Madison avenue property should be sold and a part of the proceeds used to pay the indebtedness of the William Schlickman estate due the Ruttle-Schlickman Packing Company, any balance remaining to be applied on the indebtedness of H. W. Schlickman to said packing company due on an overdraft. The paper was not dated; its authenticity was not denied by Leo. The lower court found that this paper at least put Leo and his brother upon inquiry as to whether the administrator had complied with the agreement and the slightest inquiry would have disclosed to them that said interest had been so applied. Assenting to the sale and directing the application of H. W.'s interest to the indebtedness aforesaid was such knowledge on their part as would estop them from claiming the property itself or the title to it as against a third party to whom it was sold. They can not assent to an act and then claim against it. In answer to the argument that the paper was manifestly executed before the sale, suffice it to say that it matters not whether the actual sale of the property was made prior to or subsequent to the writing, both Leo and H. W. Schlickman were estopped to deny knowledge of the sale and the application of the proceeds under the circumstances. The testimony of Leo Schlickman does not throw any light upon the matter. Dorsel says it was executed after the sale, but whether before or after the sale. it was some time prior to the acceptance by the heirs of their distributable share of the Schlickman estate, and that is the event relative to which the knowledge of the parties applies in determining the estoppel.

The lower court with great care and detail has written a very able and interesting opinion, in which the facts and the several contentions and arguments of counsel are thoroughly and fairly treated, but for its length we would be inclined to adopt the court's opinion as the opinion of this court. We are satisfied upon a review of the entire record that the lower court was correct in the conclusion it reached.

For the reasons given the judgment is affirmed upon the original appeals and upon the cross-appeal.